## PACIFIC MUTUAL LIFE INSURANCE COMPANY,
Respondent, v. B. N. BUGBEY, Appellant.

### No. 4341; December 15, 1874.

**Process—Loss of Original Summons.—**If a summons has in fact been served, jurisdiction of the person of the defendant has been secured even though the original is lost after service.

**Process—Loss of Original Summons.—**If, after the service of a summons, the original has been lost, it is competent to show the contents of the summons by secondary evidence.

**A Summons Directed to a Man, Naming Him, and to His Wife,** she being identified in it by her given name only and the words "his wife" following, is a good summons, though the complaint in the action does not aver that the woman thus named is the wife of the man; and service of it upon the woman secures jurisdiction of her person.

APPEAL from Eleventh Judicial District, El Dorado County.

R. C. Clark for respondent; G. J. Carpenter and Geo. E. Williams for appellant.

NILES, J.—The court acquired jurisdiction of the person of the defendant, Martinette Bugbey. It sufficiently appears that the summons was issued and served upon her, and the return of the sheriff duly indorsed upon the original writ, which was afterward lost, and did not reach the files of the court. Jurisdiction of the person of a defendant is acquired by the service of summons. The original having been lost, it was competent to show its contents by secondary evidence: Matter of Will of Warfield, 22 Cal. 64, 83 Am. Dec. 49.

The summons was directed to B. N. Bugbee, Martinette, his wife, and Ann Johns. It is not directly averred in the complaint that Martinette Bugbey was the wife of B. N. Bugbee; and it is now objected that no jurisdiction was acquired of the person of the appellant, because the summons does not appear to have been directed to her. We do not think the point well taken.

It is apparent from the wording of the summons that Martinette Bugbee was the name of the person to whom it was

directed. The summons was actually served upon the appellant, and she was called upon to defend whatever claim adverse to the plaintiff she may have had in the premises.

Judgment affirmed.

We concur: Wallace, C. J.; Crockett, J.; McKinstry, J.